IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiffs, | 4:18CR3013 |
| vs. | MEMORANDUM AND ORDER |
| MARSHAL MARSHALL, | |
| Defendant. | |

Defendant has moved for review of his detention. (Filing No. 62). Defendant explains he has entered into a plea agreement with Custer County, with the County agreeing to dismiss two felony claims in exchange for Defendant's guilty or no contest plea to possession of a deadly weapon (not a firearm) by a prohibited person, a Class III felony offense. Defendant argues "[t]his constitutes a material change of circumstances as Mr. Marshall is only facing up to 3 years in the State prosecution and Mr. Marshall has already served and/or is close to serving the possible maximum state sentence and/or any parole eligibility sentence." (Filing No. 62). He requests release to live at Beacon House in Grand Island, Nebraska while awaiting trial on the federal charges. Id.

The change of circumstances described by Defendant does not alter my prior finding that Defendant's release poses a substantial risk of harm to the public. As I previously found, "Defendant's refusal to comply with protective orders and the admonitions of law enforcement, and the escalation in his alleged behavior when challenged by law enforcement and others . . . poses a risk of harm that is not sufficiently ameliorated by the conditions of release proposed in his motion." (Filing No. 21). See also, Filing No. 16.

On appeal, Judge Gerrard agreed, finding:

> [T]he Court finds by clear and convincing—indeed, overwhelming—evidence that the defendant's release would imperil the safety of others. Specifically, the evidence shows a disturbing and escalating pattern of behavior, and a course of conduct suggesting that the defendant will not be deterred by the potential consequences—even serious consequences—of further unlawful behavior. The defendant's criminal history also suggests both disregard for the law and a specific disregard for restrictions imposed as a result of previous unlawful conduct.

(Filing No. 29, at CM/ECF p. 3). "[T]he Court is convinced that no level of custody short of imprisonment will reasonably assure the safety of others." (Filing No. 29, at CM/ECF p. 3).

Moreover, after the court entered these detention rulings, a superseding indictment was filed which added drug charges against Defendant. (Filing No. 47). As such, Defendant must now overcome a rebuttable presumption that no condition or combination of conditions of release will reasonably assure Defendant's appearance at court proceedings and the safety of the community. Defendant's current release proposal fails to rebut this presumption.

Accordingly,

IT IS ORDERED that Defendant's motion for release, (Filing No. 62), is denied.

July 21, 2018.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge