IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>vs.<br><br>MARSHAL MARSHALL,<br><br>Defendants. | 4:18CR3013<br><br>ORDER |

Defendant has moved for review of his detention, requesting release to third-party custodians. (Filing No. 102). For the reasons explained below, that motion will be denied.

As the court has previously found:

> [T]he defendant has a criminal history of violating the law and court orders; violated conditions of release previously imposed by a court; has a history of harming or threatening harm to others, including escalating threats of violence, stalking, installing listening devices, and intrusion into his estranged wife's home even after receiving warnings from law enforcement officers; . . . [and he] abuses mood-altering chemicals. . . .

(Filing No. 16). Marshall has refused to comply with protective orders and the admonitions of law enforcement, and in fact increased his intimidating and threatening behavior when confronted. (Filing No. 21).

Judge Gerrard denied Defendant's prior request for release to a responsible third-party custodian, holding:

> [T]he evidence shows a disturbing and escalating pattern of behavior, and a course of conduct suggesting that the defendant will not be deterred by the potential consequences—even serious consequences—of further unlawful behavior. The defendant's

criminal history also suggests both disregard for the law and a specific disregard for restrictions imposed as a result of previous unlawful conduct.

. . .

[T]he Court is convinced that no level of custody short of imprisonment will reasonably assure the safety of others. . . .

(Filing No. 29, at CM/ECF p. 3).

Defendant now proposes release to different third-party custodians, both of whom are sincere, responsible, and trustworthy, and who will no doubt closely monitor Defendant's conduct. But despite their best intentions, they cannot watch Marshall every moment. Based on the evidence presented, while incarcerated, Marshall was frequently verbally abusive and highly volatile when speaking with his girlfriend, the daughter of the proposed third-party custodians. A defendant who is willing to engage in such conduct during jail-monitored phone calls is unlikely to stop when released to third-party supervision. Moreover, if released, Defendant's verbal abuse may, as in the past, escalate to threats or actual physical abuse.

For all the foregoing reasons, the court remains "convinced that no level of custody short of imprisonment will reasonably assure the safety of others. . . ." (Filing No. 29, at CM/ECF p. 3). Accordingly,

IT IS ORDERED that Defendant's motion to review detention, (Filing No. 102), is denied.

January 26, 2019.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge